**Affirmed and Memorandum Opinion filed March 7, 2024.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00292-CV

## C4 FOOD TRUCK, LLC AND ANDY CARDENAS, Appellants

## V.

## KEITH LEWIS AND CHA'QUANIA LEWIS, Appellees

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2019-47196**

## MEMORANDUM OPINION

Appellees sued appellants for breach of contract, fraud, and violations of the Texas Deceptive Trade Practices–Consumer Protection Act (DTPA) after appellants failed to deliver a food truck to appellees and refused to refund their $25,000 down payment. Appellants answered but did not appear for trial. After hearing evidence on liability and damages, the trial court rendered a judgment for appellees. Appellants challenge the trial court's judgment in six issues. We affirm.

## I.     Bench Trial

In their first issue, appellants contend that the trial court erred by holding a bench trial instead of a jury trial when appellants paid the jury fee and requested a jury trial more than thirty days before the trial was held.

Because appellants did not appear for trial, they waived their right to a jury trial.  *See* Tex. R. Civ. P. 220 ("Failure of a party to appear for trial shall be deemed a waiver by him of the right to a trial by jury."); *see also In re Marriage of Harrison*, 557 S.W.3d 99, 136–37 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

Appellants' first issue is overruled.

## II.    Notice

In their second issue, appellants contend that they did not receive reasonable notice of the February 10, 2021 trial, citing Rule 245 of the Texas Rules of Civil Procedure.

Appellants concede, and the record shows, that the trial court issued an order on October 26, 2020, resetting the case for trial "for the two week period beginning" on February 1, 2021.  Appellants' counsel received an email from the trial court's coordinator on February 4, 2021, assigning the case for trial on the non-jury docket on February 10, 2021.  Counsel responded to the email, "This is supposed to be on a jury docket," but did not complain about the date of the trial. On the same day, the trial court issued an order resetting the trial "for the two week period beginning" on May 17, 2021.  On February 5, 2021, the coordinator reiterated that the case would not be tried by a jury because a prior continuance order stated the case would be tried without a jury.  On February 10, 2021, someone emailed the coordinator on counsel's behalf to notify the court that

counsel was sick and could not attend the trial. Appellants did not raise the issue of inadequate notice under Rule 245 until their motion for reconsideration of the denial of their motion for new trial.

Rule 245 provides in relevant part that "when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties." Tex. R. Civ. P. 245. Appellants complain that the notice of the February 10 trial date was not reasonable because the court issued a conflicting order placing the case on the May 17 docket.

"To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must object to the untimely notice." *Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.). To be timely, a complaint regarding insufficient notice under Rule 245 must be made before trial; a Rule 245 objection made for the first time in a motion for new trial is untimely and preserves nothing for review. *Szanyi v. Gibson*, No. 01-15-00895-CV, 2016 WL 3269975, at *3 (Tex. App.—Houston [1st Dist.] June 14, 2016, no pet.) (mem. op.); *see also Stone v. Stone*, No. 02-18-00163-CV, 2020 WL 3410502, at *4 (Tex. App.—Fort Worth May 28, 2020, pet. denied) (mem. op.); *In re Dorner*, No. 06-14-00005-CV, 2014 WL 3737961, at *2 (Tex. App.—Texarkana June 6, 2014, no pet.) (mem. op.).

Because appellants did not complain about lack of reasonable notice under Rule 245 until after trial, appellants did not preserve this alleged error.

Appellants' second issue is overruled.

### III.    Motion for New Trial

In their third issue, appellants contend that the trial court erred by denying their motion for new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939), because appellants did not receive proper notice of the February 10 trial date, when the court issued an order on February 4 resetting the trial for May 17.

The trial court's order denying the motion indicates that the court considered evidence adduced at a hearing on the motion.  Appellants acknowledge on appeal that a hearing was held.  Under these circumstances, the trial court acts as a fact finder, is the sole judge of the credibility of witnesses, and may resolve disputed issues of fact when ruling on the motion for new trial.  *See Almendarez v. Valentin*, No. 14-10-00086-CV, 2011 WL 2120115, at *5 (Tex. App.—Houston [14th Dist.] May 24, 2011, no pet.) (mem. op.).

However, the reporter's record does not include a transcript or audio recording of the hearing.  Without a record, we must presume that evidence adduced at the hearing supports the trial court's ruling.  *See id.* at *4–5 (holding that the appellant could not show error from the denial of a motion for new trial after a post-answer default judgment without a record from the hearing on the motion); *see also Total Corrosion Mgmt., LLC v. ANZ (Am. Nat'l Zone) Sec. Guard & Patrol Servs., Inc.*, No. 14-16-00998-CV, 2017 WL 3662444, at *3 (Tex. App.—Houston [14th Dist.] Aug. 24, 2017, no pet.) (mem. op.) (same); *Ogbeide v. Limbrick*, No. 01-12-00352-CV, 2012 WL 5877630, at *3–4 (Tex. App.—Houston [1st Dist.] Nov. 21, 2012, no pet.) (mem. op.) (same).

Appellants' third issue is overruled.

## IV. Corporate Officer Liability

In their fourth issue, appellants contend that the trial court erred by rendering a judgment against Andy Cardenas because he signed the contract between the parties in his official capacity as manager for C4 Food Truck, LLC.

Appellees sued Cardenas for fraud and violations of the DTPA, and the trial court's judgment recites that the award of attorney's fees was made pursuant to the DTPA. Texas follows longstanding precedent that a "corporate agent is personally liable for his own fraudulent or tortious acts." *Miller v. Keyser*, 90 S.W.3d 712, 717 (Tex. 2002). The officer of a corporation "may be held personally liable for his own violations of the DTPA." *Id.* at 718.

Appellants' fourth issue is overruled.

## V. Liability and Damages

In their fifth and multifarious issue, appellants ask this court to reverse and remand because "(i) this was a simple breach of contract case that did not rise to the level of actionable Deceptive Practice Act; and (ii) the damages awarded violated a double recovery rule or not segregated." Appellants cite as sole authority *Tony Gullo Motors I, L.P., v. Chapa*, 212 S.W.3d 299, 303–04 (Tex. 2006). We construe their first argument as a challenge to the sufficiency of the evidence supporting the trial court's liability finding, and we construe their second argument as a complaint that the judgment violates the one-satisfaction rule. Assuming without deciding that appellants have not waived their complaints due to inadequate briefing,[1] there is no reversible error.

---

[1] *See, e.g.*, *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 215–16 (Tex. 2020) ("[C]ourts of appeals retain their authority to deem an unbriefed point waived in lieu of requesting additional briefing."); *Tacon Mech. Contractors, Inc. v. Grant Sheet Metal, Inc.*, 889 S.W.2d 666, 672 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (waiver due to inadequate

## A.      False, Misleading, or Deceptive Act

The DTPA requires evidence of a false, misleading, or deceptive act; a simple breach of contract, without more, does not constitute a violation of the DTPA. *See Chapa*, 212 S.W.3d at 304. But, a defendant may be liable under the DTPA if the defendant represents that the plaintiff will receive one model of a vehicle when in fact the defendant intended to provide another model, or the defendant never intended to deliver. *See id.* at 304–05.

The trial court heard evidence that appellants accepted appellees' $25,000 deposit for the purchase of a specific food truck, identified by a vehicle identification number, to be updated and delivered within twelve weeks. Appellants repeatedly promised appellees that work was being performed on the truck and that it would be delivered timely. Appellants repeatedly showed purported progress on the truck when appellees made in-person visits and by sending text messages with pictures to appellees. When appellants did not deliver the truck timely, the parties agreed to an extension of the delivery date in exchange for appellants providing appellees a warranty on the truck. Appellants again failed to provide the truck that was the subject of the contract and attempted to provide appellees with a different truck in worse condition—the truck was rusty and leaking fluid, the transmission was not installed, and the truck was not drivable. Appellants refused to refund appellees' $25,000 deposit and instead kept the money. Keith Lewis testified that, based on his interactions with appellants, he believed appellants' behavior was fraudulent and violated specific sections of the

---

briefing when the appellant's argument was not supported by citations to the record or authority, and the argument consisted of three sentences "effectively stating no more than mere conclusions that there is no evidence to support the jury's finding").

DTPA[2] because appellants couldn't perform "all along," intentionally led appellees along, and made material misrepresentations to get continued extensions of the contract. Cha'Quania Lewis testified that appellants didn't have the title for the truck, couldn't get the title, and tried to give appellees the title for a different truck.

In light of this evidence, the trial court's implied finding of a false, misleading, or deceptive act in violation of the DTPA is supported by the record. *See Chapa*, 212 S.W.3d at 304–05. The evidence is sufficient to support liability under the DTPA.

## B.    *One-Satisfaction Rule*

When only one injury is alleged, a party who pleads and proves multiple theories of liability may recover on only one theory. *See id.* at 303. Under the DTPA, a plaintiff may recover economic damages, attorney's fees, and additional damages equal to three times the economic damages (i.e., treble damages). *See id.* at 304.

Keith Lewis testified about economic damages from the loss of the $25,000 deposit and their lost profits in excess of $250,000. Appellees' attorney testified about the reasonable and necessary attorney's fees in the amount of $10,620. The trial court awarded a judgment for $499,860, which is an amount less than the total of economic damages, attorney's fees, and treble damages.[3] Nothing in the record suggests that appellees recovered damages that could only be awarded for their

---

[2] *See* Tex. Bus. & Com. Code § 17.46(b)(22), (24) ("[T]he term 'false, misleading, or deceptive acts or practices' includes, but is not limited to, . . . (22) representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; [and] (24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed. . . .").

[3] Appellants do not challenge the sufficiency of the evidence to support the trial court's award of damages, so we do not recite the evidence in detail.

breach of contract or fraud claims (such as punitive or exemplary damages on the fraud claim). Thus, appellants have not shown a violation of the one-satisfaction rule. *See id.* (holding that when the fact finder finds in the plaintiff's favor on all claims, the plaintiff is entitled to recover on the most favorable theory the verdict would support).

Appellants' fifth issue is overruled.

## VI. Continuance

In their sixth issue, appellants contend that the trial court erred by denying their post-trial motion for continuance. Appellants contend that at the hearing on the motion for new trial, the court expressed a willingness to grant the motion, and the court set a new trial date in May 2021 without yet granting the motion. Appellants filed a motion for continuance of the purported new trial date because appellants' counsel was out of the country and would be "technically unavailable" to participate in the trial, which would be held over Zoom, because counsel had been "running into technical difficulties with electrical outages and low voltages."

To obtain reversal of the trial court's judgment based on the denial of a motion for continuance, an appellant must show that the error probably caused the rendition of an improper judgment or prevented the appellant from properly presenting the case to the appellate court. *In re L.N.C.*, 573 S.W.3d 309, 323–24 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (citing Tex. R. App. P. 44.1(a)).

Appellants do not attempt to show harm. Indeed, appellants contend that they and their counsel all appeared at the new trial setting, undermining counsel's claim that he could not appear due to technical difficulties. Appellants contend that an "[a]ttempt was made to have a trial," but the trial court declined when

8

appellees' counsel "stated that he [did] not know if he [could] get his client together for the day." According to appellants, the trial court "tentatively decided to reset" to a later date but then decided to deny the motion for new trial instead.

Assuming the truth of appellants' representations of what occurred at the May hearing, then appellants were prepared for a new trial while appellees were not. Based on these representations and the record, we cannot conclude that appellants suffered any harm—appellants have not shown that the denial of the continuance probably caused the rendition of in improper judgment or prevented appellants from properly presenting the case to this court.

Appellants' sixth issue is overruled.

## VII. Conclusion

Having overruled each of appellants' issues, we affirm the trial court's judgment.

/s/     Ken Wise
        Justice


Panel consists of Justices Wise, Jewell, and Poissant.